**LANSINGER, Plaintiff-Appellee v. MIAMI SAVINGS & LOAN CO., Defendant-Appellant.**

Court of Appeals, Second District, Montgomery County.

No. 1803.   Decided April 22, 1944.

Marshall, Harlan & Marshall, Dayton, for Plaintiff-appellee.

Mason Douglass, Dayton, for Defendant-Appellant.

## OPINION

BY THE COURT:

The above cause is now being determined on plaintiff-appellant's motion to consider the appeal on a question of law only without allowing and considering a bill of exceptions. This question as presented is a little different from many that have previously been submitted where it was determined that the appeal was not properly filed on law and fact. In the instant case counsel for appellee urge that since no bond was given the usual proceeding determining the case will be as an

appeal on law, and the time given for filing a bill of exceptions should not be controlling. This differentiation is based entirely upon the fact that the appellant failed to give a bond within the time prescribed under the Code.

Defendant-appellant makes the claim that no bond should be required since under §§687-22a and 682-21 GC, the defendant directors are liquidating trustee and under the provision of §12233-12 GC no bond is required. In our judgment the above section does not exempt the defendant from the obligation of giving an appeal bond where the appeal is attempted to be presented on law and fact.

Defendant-appellant also claims that bond has been given and hence there is a full compliance with the statute. An examination of the transcript of the docket and journal entries discloses that the bond was not given until some 57 days after the filing of the notice of appeal.

This not being within the time prescribed, it may not be considered as a requisite bond. Reverting to the question raised by counsel for appellee we find that the case of **Hennick v Hennick, 56 Oh Ap, 62,** is directly in point and we still think is a correct pronouncement of the law.

Counsel for appellee argue that the Supreme Court has refrained from directly passing on the quesiton as to the effect of failure to give bond where an appeal is taken on law and fact. It seems to us that the case of **Loos v Wheeling & Lake Erie Railway Company, et al., 134 Oh St 321** is determinative of this question.

It is argued that the case before the Supreme Court is to be distinguished in that while the appeal bond was properly given that appellant proceeded as though the case was appealed on law alone, and filed his Bill of Exceptions within the time prescribed under such appeal.

It is our judgment that the instant case comes squarely under the provisions of §12223-22, **Subdivision 2, GC.**

In conformity with the provisions of this section we determine that the case may not be heard as an appeal on law and fact, but that the same shall stand as an appeal on law. We next invoke the provisions from §11564 GC. and grant to appellant 15 days for the preparation and settlement of a Bill of Exceptions. Appellee's motion is overruled.

BARNES, PJ., HORNBECK and GEIGER, JJ., concur.